UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
STAR STAINLESS SCREW CO.,           :
     Plaintiff                     :
                                    :
  v.                                :   Civil Action No. 04-5749(FSH)
                                    :
                                    :   ORDER ON INFORMAL APPLICATION
GROUP AND PENSION                   :        AND SECOND AMENDED
ADMINISTRATORS                      :    PRETRIAL SCHEDULING ORDER
                                    :
     Defendant                     :
                                    :
_____:

**THIS MATTER** having come before the Court by way of letter dated July 13, 2007 regarding the plaintiff's request to extend the deadline to serve plaintiff's expert report[1] because of unexpected personal circumstances that have confronted its counsel; and the Court being advised that the defendants consent to this request; and for good cause shown,

**IT IS on this 16th day of April, 2007,**

**ORDERED THAT:**

The request to extend the deadline to serve expert reports is granted;

**IT IS FURTHER ORDERED THAT:**

I.  COURT DATES

1.    There will be a settlement conference before the Undersigned on **October 12, 2007 at 10:00 a.m.**  No later than **October 2, 2007**, each party should submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full

---

[1] The letter also states that there is also a request to "extend all other pretrial deadlines." The Court has extended all expert discovery and the deadlines for dispositve motions.  These extensions, however, have no impact on the date of the final pretrial conference.  In addition, the fact discovery deadline of May 23, 2007 has passed (as has a thirty-day extension of that date) and therefore, there has been no adjustment to that deadline.

settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

      3.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 17, 2007 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

      4.     Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

      5.     Discovery necessary to engage in meaningful settlement discussions:

expert reports                                                                                                                          
                    and will be produced by **October 10, 2007** .

      6.     The parties may serve interrogatories limited  to **-** single questions including subparts and requests for production of documents on or before **completed,** which shall be responded to no later than **completed.**

      7.     The number of depositions to be taken by each side shall not exceed **10** .  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions are to be completed no later than **deadline passed.**

      8.     Fact discovery is to remain open through **deadline passed.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

      9.     Counsel shall confer in a good  faith attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort  fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief  letter outlining the dispute.  The Court will  thereafter schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute.  See L. Civ. R. 16.1(f)(1).

      If the dispute involves an alleged deficiency in a response to a discovery request, then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

      No discovery motion or motion for sanctions for failure to provide discovery shall

be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **none** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10. Any motion to amend pleadings or join parties must be filed by **none.**

11. All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **October 27, 2007** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **November 12, 2007** and any replies shall be submitted no later than **November 19, 2007.** The return date shall be **November 26, 2007** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III.  EXPERTS

12. All affirmative expert reports shall be delivered by **August 23, 2007**.

13. All responding expert reports shall be delivered by **October 10, 2007.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **October 24, 2007**.

### IV.  FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **December 17, 2007 at 10:00 a.m.** The final pretrial conference will occur even if dispositive motions are pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any

hypothetical questions to be put to an expert witness on direct examination.

19. The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the Undersigned no later than **December 11, 2007 at 4:00 p.m.** All counsel are responsible for the timely submission of the Pretrial Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

 s/Patty Shwartz  
**UNITED STATES MAGISTRATE JUDGE**